Opinion issued June 18, 2009









Opinion issued June 18,
2009                                                                        

 

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.   01-08-00587-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MICHAEL S. TILOTTA, Appellant

 

V.

 

DEWANA JO SMITH, Appellee

 

 



On Appeal from the 257th District Court

Harris County, Texas

Trial Court Cause No.  0210106

 

 



MEMORANDUM OPINION




           On February 20, 2004, the trial
court signed an order terminating Michael Tilotta’s parental rights to C., a
child born during his marriage to Dewana Smith.  Tilotta noticed his appeal
from that order on March 10, 2004.  After giving Tilotta due notice, we
dismissed his appeal on August 12, 2004 for failure either to prove indigence
or pay filing fees.  

The Supreme Court denied
Tilotta’s petition for review on October 29, 2004, and the termination order
became final 30 days after the Supreme Court denied Tilotta’s petition for
discretionary review, on November 28, 2004.  

Nevertheless, in the
spring of 2008, Tilotta filed a series of motions in the trial court in an
attempt to revive the termination proceeding and ultimately, to obtain a
vacatur of the trial court’s 2004 termination order.  The trial court signed an
order denying the requested relief on March 19, 2008, and Tilotta filed his
notice of appeal on June 30, 2008.  

The Family Code accelerates
the final disposition of an order terminating parental rights by shortening the
appellate deadlines and instructing the appellate court to render its decision
“with the least possible delay.” Tex. 
Fam. Code Ann. § 263.405(a) (Vernon 2009).  Specifically, the statute
provides:

Not
later than the 15th day after the date a final order is signed by the trial
judge, a party who intends to request a new trial or appeal the order must file
with the trial court . . . a request for a new trial; or . . . if an appeal is
sought, a statement of the point or points on which the party intends to
appeal.

Id. § 263.405(b).  Further, post-trial motions in cases involving termination
of parental rights do not extend the deadline for filing a notice of
appeal under Texas Rule of Appellate Procedure 26.1(b).  Id. §
263.405(c) (emphasis added); see Tex.
R. App. P. 28.1 (declaring that post-trial motions do not extend
deadline for filing accelerated appeal).  

Tilotta did not file his
2008 post-trial motions within 15 days of the trial judge’s February 20, 2004
final order as required under the statute.  The trial court therefore lacked
jurisdiction to rule on them.  Its order denying those motions is a nullity, and
this Court has no jurisdiction to consider the appeal.

Accordingly, the appeal
is dismissed for want of jurisdiction.  See Tex. R. App. P. 42.3(a).  All other pending motions are
dismissed as moot.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Keyes,
Hanks, and Bland.